# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| United States for the Use and Benefit of Chenega Analytic Business Solutions, LLC )<br><br>Plaintiff, )<br><br>v. )<br><br>Travelers Casualty and Surety Company of America )<br><br>Defendant. ) | Civil Action No.: _____ |

## COMPLAINT

Plaintiff **United States for the use and benefit of Chenega Analytic Business Solutions, LLC** and **Chenega Analytic Business Solutions, LLC** ("Plaintiff" or "CABS"), by and through its undersigned counsel, hereby files this Complaint against Defendant Travelers Casualty & Surety Company of America ("Travelers"), and in support thereof, states the following:

### PARTIES

1. CABS is an Alaska limited liability company with its principal office in Anchorage, Alaska. CABS is registered to conduct business in the state of Alabama.

2. Upon information and belief, Travelers is a Connecticut corporation with its principal office in Hartford, Connecticut. Travelers is registered to conduct business in the state of Alabama.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to Miller Act, 40 U.S.C. § 3133(b)(1) as CABS is a first-tier subcontractor to Island Mechanical Contractor, Inc. ("IMC"). Pursuant to 40 U.S.C. § 3133(b)(3)(A), this action is brought in the name of the United States for the use of Chenega Analytic Business Solutions, LLC.

4. Pursuant to 28 U.S.C. § 1331, this court has subject matter jurisdiction over this civil action that arises under the laws of the United States.

5. Venue is proper in this judicial district under 40 U.S.C. § 3133(b)(3) because the subcontract was performed and executed in this district pursuant to a federal public prime contract at the Maxwell Air Force Base in or around Montgomery, Alabama. Travelers issued a payment bond to secure payment for the work performed by CABS.

6. Venue is also proper under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims at issue in this case took place in this judicial district.

## COUNT I

**(Travelers – Miller Act Payment Bond, 40 U.S.C. § 3133).**

7. Upon information and belief, on January 4, 2021, IMC entered into a contract with the United States Army Corps of Engineers under prime contract no. W91278-18-D-0037, task order no. W9127821F0026 for the Leadership Development Course Building Renovations 1110, 1014 and 1016 project at Maxwell Air Force Base in or near Montgomery, Alabama (the "Project").

8. On or about January 1, 2021, Travelers and IMC issued a Miller Act Payment Bond at Bond No. 049-SB-107339068 for the penal sum of $13,143,851.00 ("Bond") for the Project. A true and correct copy of the Bond is attached hereto as Exhibit A.

9. On July 8, 2022, IMC and CABS entered a subcontract in which CABS agreed to perform certain Audio Visual (AV) and Video Teleconference (VTC) work on the Project. (the "Subcontract"). The Subcontract was later amended by change orders issued on or about July 25, 2022. A true and correct copy of the Subcontract, as modified by change orders, is attached as Exhibit B.

10. CABS satisfactorily completed all of its obligations under the Subcontract on or about December 4, 2023.

11. The Subcontract price, as modified by change order, for the Project was $472,623.03.

12. CABS submitted invoices to IMC to obtain payment for its work on the Project totaling $472,623.03. To date, IMC has paid CABS $315,082.00.

13. For its work on the Project, CABS remains due and owed $157,541.03 pursuant to the Subcontract. IMC does not dispute payment of this amount is due, but IMC has refused to make payment. A true and correct copy of the unpaid invoices is attached as <u>Exhibit C</u>.

14. Travelers, as surety on the Bond and pursuant to the Miller Act, is jointly and severally liable to CABS for all amounts that IMC owes under the Subcontract.

15. CABS submitted a payment bond claim to Travelers on July 26, 2024. CABS has complied with all requirements of the payment bond. As of the date of this filing, CABS claim remains under review by Travelers and has not been paid.

16. CABS fully complied with all conditions precedent for recovery under the Miller Act (40 U.S.C. § 3131, *et seq.*) because CABS was a subcontractor to IMC, the principal on the Bond, and CABS has commenced the lawsuit less than one (1) year after CABS performed the last of the labor and furnished or supplied the material for which this claim is made.

17. CABS is entitled to payment under the Bond in the amount of $157,541.03, plus interest, costs, and attorneys' fees.

WHEREFORE, Chenega Analytic Business Solutions, LLC demands judgment against Travelers Casualty & Surety Company of America, in the sum of $157,541.03, plus interest, costs, attorneys' fees, and whatever other relief this Court deems appropriate.

Respectfully submitted, this, the 26th day of November 2024.

/s/ *Lillie A. Hobson*
Lillie A. Hobson (ASB 1071V61W)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone: (334) 956-7700
lhobson@bradley.com

**Serve Defendant:**

**Travels Casualty & Surety Company of America**
**c/o Corporation Service Company, Inc.**
**641 South Lawrence Street**
**Montgomery, AL 36104**